# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIUS REALTY CORPORATION, a New Jersey corporation, <br><br> Plaintiff, <br><br> v. <br><br> DAWN E. THOMPSON, an individual, <br><br> Defendant. | Case No.: 3:20-cv-04575 (ESK)(JBD) |
| OFFIT KURMAN, P.A., <br><br> Interpleader Plaintiff, <br><br> -against- <br><br> JULIUS REALTY CORPORATION and DAWN E. THOMPSON, <br><br> Defendants. | Case No.: 3:20-cv-17262 (ESK)(JBD) <br><br><br> **ORDER** <br> **ON DAWN E. THOMPSON'S MOTION** <br> **FOR INTERIM RELIEF** |
| DAWN E. THOMPSON, individually and as trustee of the Dawn Thompson Trust, and DAWN THOMPSON TRUST, <br><br> Third-Party Plaintiffs, <br><br> -against- <br><br> U.S. EAGLE CORPORATION, JAMES J. WESTPHAL, JR., SCOTT K. WESTPHAL, and NORRIS McLAUGHLIN, P.A., <br><br> Third-Party Defendants. | |

**THIS MATTER** having been opened to the Court by defendant/counterclaim-plaintiff/third-party plaintiff Dawn E. Thompson ("Thompson"), on her Motion for Interim Relief, dated February 27, 2025 (DE 225; the "Motion"); and a response to the Motion, dated March 12, 2025 (DE 228), having been submitted by plaintiff/counterclaim defendant Julius Realty Corporation ("JRC"), and third-party defendants U.S. Eagle Corporation ("USE" and, with JRC, the "Companies"), James J. Westphal, Jr. ("J. Westphal"), and Scott K. Westphal ("S. Westphal" and, with J. Westphal, the "Westphals"); and the Court having conducted both a virtual hearing on the Motion and a status conference on April 1, 2025 (the "Hearing"); and

**WHEREAS**, the Court entered an Order, dated March 31, 2023 (DE 145; the "SFA Order"), appointing Allen Wilson of Eisner Advisory Group, LLC as the Special Fiscal Agent ("SFA") for JRC and USE; and

**WHEREAS**, the Court entered a Consent Order Supplementing the SFA Order, dated July 24, 2023 (the "Supplemental Order" and, with the SFA Order, the "SFA Orders"), ordering *inter alia,* at paragraph 8, that the SFA shall have the power and authority to open and maintain deposit accounts and arrange for the deposit in any such accounts sums that are remitted to the SFA, including sums held in Offit Kurman, P.A.'s ("Interpleader Plaintiff") escrow account that were the subject of the Interpleader Action (the "Escrowed Funds"); and

**WHEREAS**, in the SFA Action and in the Interpleader Action, the Court entered a Consent Order Dismissing Claims of Interpleader Plaintiff Without Prejudice and Consolidating Actions, dated March 13, 2024 (DE 183; the "Consolidation Order") ordering, *inter alia,* at Paragraph 4, that the "Interpleaded Funds" be transferred to a commercial account established by the SFA in accordance with the Supplemental Order, in the name of JRC but in an account that is under the exclusive control of the SFA (the "SFA Account"); and

**WHEREAS,** in compliance with the Consolidation Order, the Interpleaded Funds in the amount of $2,450,674.90 were transferred by Offit Kurman into the SFA Account, where those funds remain on deposit (the "Escrowed Funds"); and

**WHEREAS,** counsel for the Companies and the Westphals thereafter provided the SFA with two IRS Notices of Levy, each dated February 1, 2024, that were issued to JRC and USE respectively (collectively, the "IRS Levy"), seeking enforcement of taxes and penalties allegedly due from Thompson to the IRS; and

**WHEREAS,** by Consent Order Directing Payment of Specified Sums From Account Controlled by the SFA, dated June 11, 2024 (DE 194; the "June 11 Order"), the Court expanded the powers and authority of the SFA to, *inter alia*, make payment in the amount of "a net sum of not less than $55,858.00" that "should be reimbursed to Ms. Thompson, on a provisional basis," and that the SFA Orders were amended to make payment to the IRS "in the amount of $55,858.00," on account of the IRS Levy, from the Escrowed Funds for the benefit of Thompson on a provisional basis and without prejudice to the claims and defenses of the parties *inter se*, and/or their respective rights in and to the Escrowed Funds, as otherwise adjudicated by the Court in these actions, or by agreement of the parties; and

**WHEREAS,** following the entry of the June 11 Order, the SFA became aware that the balance claimed due by the IRS had been reduced as a result of sums turned over to the United States by USE pursuant to the IRS Levy, in lieu of quarterly dividends otherwise allocated by USE as payable to Thompson in the ordinary course, on account of her ownership of stock in USE; and

**WHEREAS,** counsel for Thompson having relayed to the SFA that Thompson and her personal accountant confirmed with the IRS that the reduced amount due under the IRS Levy amounted to $44,699.23 as of March 20, 2025; and

**WHEREAS,** pursuant to the authority conferred under the June 11 Order, and in reliance upon the information provided by Thompson's counsel to the SFA regarding the IRS Levy, on March 20, 2025 the SFA made payment to the IRS in the amount of $44,699.23 from the Escrowed Funds, denominated as having been made for the benefit of Thompson and in full payment of the IRS Levy;

**WHEREAS**, the Court granted the Motion on the record on April 1, 2025 and also directed that the remainder of the funds due to Thompson pursuant to the June 11 Order in the amount of $11,158.77 be paid to Thompson within five business days of the entry of this Order; and

**NOW THEREFORE,** having considered all papers submitted in support of the Motion, and in response thereto, and for good cause shown;

**IT IS** on this 9th day of April 2025, **ORDERED** as follows:

1. The Motion (DE 225) shall be, and is hereby, GRANTED.

2. The SFA Orders and the Consolidation Order are hereby amended to further expand the powers and authority of the SFA so as to authorize the SFA to make an interim distribution from the Escrowed Funds to Thompson, J. Westphal, and S. Westphal, divided between them *pro rata* in accordance with shareholder respective percentages of equity ownership in USE, in the total amount of $500,000. In particular, within five (5) business days of the date of entry of this Order, the SFA is authorized and directed to make the following interim distribution payments: (i) the SFA shall pay Thompson the sum of $107,050.00, by way

of check drawn on the SFA Account and payable in care of Thompson's counsel appearing in these actions, and the entire sum shall be remitted thereafter by said counsel pursuant to Thompson's direction; (ii) the SFA shall pay J. Westphal the sum of $196,475.00, by way of check drawn on the SFA Account and payable to J. Westphal; and (iii) the SFA shall pay S. Westphal the sum of $196,475.00, by way of check drawn of the SFA Account and payable to S. Westphal.

3. In connection with the June 11 Order, the SFA shall reimburse to Thompson the amount of $11,158.77. The payment referenced in this paragraph is intended to represent the difference between $55,858.00, the full amount of the disbursement that the SFA was originally authorized to make to the IRS under the June 11 Order in order to discharge the IRS Levy, and $44,699.23, which was the actual amount ultimately confirmed as sufficient to discharge the IRS Levy. The SFA shall pay Thompson this reimbursement referenced in this paragraph within five (5) business days of the date of entry of this Order by way of check drawn on the SFA Account and payable in care of Thompson's counsel appearing in these actions, and the entire reimbursement shall be remitted thereafter by said counsel pursuant to Thompson's direction.

4. Any and all distributions or reimbursements made by the SFA pursuant to paragraphs 2 and 3 of this Order shall be deemed interim, provisional, and subject to adjustment as warranted in a final disposition with respect to the claims and defenses asserted by and between USE, JRC, J. Westphal, S. Westphal, Norris McLaughlin and Thompson in these consolidated actions, either by agreement of the parties or further Order or Judgment of the Court.

5. The SFA Orders are hereby further amended so as to authorize and direct the SFA to make payments from the Escrowed Funds, capped at a cumulative total of $250,000.00 unless

5

otherwise ordered by the Court hereafter, to SFA's professionals in these actions, on account of outstanding invoices issued by his professionals to the SFA for services rendered by the SFA's professionals herein, as to any and all issues.  The payments referenced in this paragraph shall not in any way supersede or otherwise alter the existing applicable procedure for the payment of the fees and disbursements of the SFA and his professionals directly by the Companies on a go-forward basis, which the Companies shall be required to follow.  All such payment of fees and disbursements of the SFA and his professionals by the Companies, to date or hereafter, shall not be subject to disgorgement and shall be deemed, as between the parties to these consolidated actions, USE, JRC, J. Westphal, S. Westphal, Thompson, and Offit Kurman, to be interim, provisional, and subject to adjustment as between or among the parties in these consolidated actions, as warranted in a final disposition of the claims and defenses asserted by and between the parties, either by agreement of the parties or further Order or Judgment of the Court.

6. Nothing in this Order shall in any way reduce or diminish the powers and authority of the SFA as originally set forth in the SFA Orders, and those powers and authority are expanded as set forth herein.  All other duties of JRC, USE, and their principals, shareholders, and officers, and all other terms and conditions of the SFA Orders. shall continue as provided in the SFA Orders, as expanded herein, pending further Order of the Court.

7. Counsel for the SFA shall serve a copy of this Order upon all parties within one (1) business day of entry.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE